UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:03-cr-230-001 |
| v. ) | |
| ) | Judge Collier/Steger |
| KEVIN LONG ) | |
| ) | |

<u>MEMORANDUM AND ORDER</u>

     KEVIN LONG ("Defendant") came before the Court for an initial appearance on January 11, 2017, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition").

     After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

     The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Federal Defender Services of Eastern Tennessee, Inc. (specifically, Gianna Maio) to represent Defendant.

     Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Jay Woods explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

     The Government moved Defendant be detained pending a hearing before Judge Collier to determine whether his term of supervised release should be revoked. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and requested that the preliminary hearing be waived, but further requested that the Court conduct a detention hearing.

     The Court did conduct a detention hearing on January 11, 2017. The Government called as a witness United States Probation Officer Shaquana Kennedy. Officer Kennedy testified concerning Defendant's violations of numerous conditions of release (i.e., failure to report to the Probation Officer in the manner and frequency directed; failure to truthfully respond to the Probation Officer's inquiries and follow instructions; failure to support dependents; failure to notify the Probation Officer of changes in residence with the time period directed; failure to

notify the Probation Officer of contact with law enforcement; and failure to participate in testing and treatment for drug abuse).  Defendant's counsel was given an opportunity to cross-examine Officer Kennedy.  Counsel for the Government and Defendant were allowed to argue their respective positions.

At the conclusion of the hearing, the Court found that, although there is significant evidence that Defendant has committed multiple violations of his conditions of supervised release, Defendant (narrowly) carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Court DENIED the Government's oral motion to detain Defendant pending his revocation hearing.

It is, therefore, ORDERED that:

1. Defendant shall self-report and appear for a revocation hearing before United States District Judge Collier on Wednesday, **February 22, 2017, at 2:00 p.m.**

2. The government's motion that Defendant be Detained Without Bail pending his revocation hearing before Judge Collier is **DENIED**. Defendant shall be released from custody, but shall fully comply with all of his conditions of supervised release pending his hearing before Judge Collier.

ENTER.

s/*Christopher H. Steger*
United States Magistrate Judge